UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 AUG 15 AM 10: 04
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Case No. _____ |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF |
| v. ) | |
| ) | Title 8, U.S.C., Section |
| Jeffrey Bruce WEIGLE ) | 1324(a)(2)(B)(iii)- |
| ) | Bringing in Illegal Alien |
| Defendant. ) | Without Presentation |

'08 MJ 2532

The undersigned complainant being duly sworn states:

On or about **August 14, 2008**, within the Southern District of California, defendant **Jeffrey Bruce WEIGLE**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, **Yeni CABALLERO-Lozano**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

_____
SIGNATURE OF COMPLAINANT
Alfredo Lopetena, Enforcement Officer
U.S. Customs and Border Protection

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **15th** DAY OF **AUGUST, 2008.**

_____
UNITED STATES MAGISTRATE JUDGE

DOA - 08/14/08

## PROBABLE CAUSE STATEMENT

The complainant states that **Yeni CABALLERO-Lozano** is a citizen of a country other than the United States; that said alien has admitted she is deportable; that her testimony is material; that it is impracticable to secure her attendance at trial by subpoena; and that she is a material witness in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On August 14, 2008, at approximately 0433 hours, **Jeffrey Bruce WEIGLE (Defendant)** was awaiting application for admission into the United States from Mexico at the San Ysidro Port of Entry vehicle entrance lane #14. Defendant was the driver and sole visible occupant of a white Dodge Cargo Van. A Customs and Border Protection Canine Officer was conducting pre-primary roving operations when his Human/Narcotics Detection Dog (H/NDD) alerted to the driver side and rear doors of the van. The Canine Officer stopped the van and requested documentation from Defendant. Defendant presented his United States Passport, made two negative customs declarations and stated he was en route to work in San Diego and Riverside, California. The Canine Officer began an inspection of the vehicle's interior and observed a space discrepancy within cabinets which were built within the rear cargo area. The Canine Officer requested the vehicle to be X-rayed. A CBP Officer responded and escorted the vehicle and Defendant to secondary inspection.

In secondary, a CBP Officer removed Defendant from vehicle and placed him in a secure area while another CBP Officer conducted an X-ray of the vehicle. The X-ray resulted in positive results showing a person concealed behind the driver's seat within a cabinet. CBP Enforcement Officers responded to secondary inspection and took custody of Defendant and vehicle. A non-factory wood shelving system had been built behind the driver and passenger seats which had to be dismantled in order to gain access to the compartment. No immediate access panel was found and various plumbing tools, equipment and metal racks were removed from the rear cargo area. Some plywood was also forcefully ripped from the shelving unit to gain access to compartment. Upon gaining access, a female was discovered sitting within the compartment. CBP Enforcement Officers assisted in removing the individual who is now identified as **Yeni CABALLERO-Lozano (MW)**. Material Witness was determined to be a citizen of Mexico with no entitlements to enter the United States.

During a videotaped interview, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and elected to answer questions without an attorney present. During the interview Defendant admitted knowledge of the concealed alien in the rear cargo area. Defendant admitted he had previously built this specialized compartment to store expensive plumbing equipment. Defendant admitted he personally assisted and placed MW in the compartment. Defendant stated he was to take Material Witness to San Ysidro, California where she was to meet her sister. Defendant stated he was only providing the smuggling service as a favor to assist MW reunite with her children.

On separate videotaped interview, MW declared she is a citizen of Mexico with no legal rights or entitlements to enter the United States. MW stated she made the smuggling arrangements with a smuggler in Tijuana, Mexico. MW stated she was going to pay a smuggling fee of $2,500 USD to be smuggled into the United States. Material Witness stated her intended destination was the United States where she was to seek employment.